1  KATHARINE B. LAU (SBN 303135)
2  kbkl@fischbachlaw.com
   ZACHARIAH E. MOURA (SBN 279508)
3  zem@fischbachlaw.com
   JOSEPH S. FISCHBACH (SBN 70830)
4  jsf2@fischbachlaw.com
   Fischbach & Fischbach
5  A Law Corporation
   8200 Wilshire Blvd. Suite 424
6  Beverly Hills, California  90211
   Telephone: (310) 278-4015
7  Facsimile: (310) 278-2894
   Attorneys for Plaintiffs
8

9

10            UNITED STATES DISTRICT COURT

11           CENTRAL DISTRICT OF CALIFORNIA

12

13  ARGISHTI KESHISHYAN, an          )   Case No.:  2:15-cv-4354
    individual; ARMOND               )
14  GARIBYAN, an individual;         )
    STEVEN STAITMAN, an              )
15  individual; PAUL SEARS, an       )   COMPLAINT FOR:
    individual; XERVEO, LLC, a       )
16  Delaware limited liability       )
    company and XERVEO               )   1)  Violation of Section 17(a) of the
17  INVESTMENT GROUP, LLC, a         )       Securities Act (15 U.S.C. 77q)
    Delaware limited liability       )   2)  Violation of 17 C.F.R. 240.10b-5;
18  company;                         )   3)  Fraud in the Inducement;
                                     )   4)  Accounting on behalf of
19            Plaintiffs,            )       Individual;
                                     )   5)  Breach Of Fiduciary;
20       vs.                         )   6)  Breach of Fiduciary.;
                                     )   7)  Declaratory Relief;
21  RAMY EL-BATRAWI, an              )   8)  Declaratory Relief;
    individual; GROWTH               )   9)  Conversion; and
22  STRATEGY INVESTMENTS,            )   10) Injunctive Relief.
    LLC, a Nevada limited liability  )
23  company; XERVEO, LLC, a          )
    Delaware limited liability       )
24  company; XERVEO                  )
    INVESTMENT GROUP, LLC, a         )
25  Delaware limited liability       )   DEMAND FOR JURY TRIAL
    company; and DOES 1-5 inclusive, )
26                                   )
                                     )
27            Defendants.            )
                                     )
28  _____ )

-1-
COMPLAINT

FISCHBACH & FISCHBACH, A LAW CORPORATION
8200 WILSHIRE BLVD. SUITE 424
BEVERLY HILLS, CALIFORNIA 90211

Comes Now Plaintiffs ARGISHTI KESHISHYAN, ARMOND GARIBYAN, STEVEN STAITMAN, PAUL SEARS, XERVÉO, LLC, a Delaware limited liability company and XERVÉO INVESTMENT GROUP, LLC a Delaware limited liability company, and complain and allege as follows:

## INTRODUCTION

1.      This action arises from a joint venture investment made by Plaintiffs with defendant Ramy El-Batrawi (hereinafter "defendant El-Batrawi"). Defendant El-Batrawi solicited investors to form a joint venture to purchase and operate a multi-level marketing company, known as Xerveo, LLC, formed and headquartered in Utah selling a diet product.  Plaintiffs ARGISHTI KESHISHYAN, ARMOND GARIBYAN, STEVEN STAITMAN and PAUL SEARS, provided the initial capital necessary to acquire Xerveo. Thereafter Plaintiff Keshishian (hereinafter "Argo K.") provided additional operating capital at the insistence of defendant El-Batrawi. The total funds for acquisition and operating capital are well into the six figures.

## JURISDICTION

2.      The court has jurisdiction over the claims for relief arising under 17 C.F.R. 240.10b-5. This Court also has jurisdiction over this action pursuant to Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)], pursuant to Section 27 of the Exchange Act, [15 U.S.C. § 78aa], pursuant to 28 U.S.C. §§1331, and pursuant to Amgen, Inc. v. Connecticut Retirement Plans, (2013) 133 S.Ct. 1184. Pursuant to 28 U.S.C. § 1367(a), supplemental jurisdiction exists over the related state claims which arise from the same nucleus of operative facts giving rise to this dispute.

**COMPLAINT**

FISCHBACH & FISCHBACH, A LAW CORPORATION
8200 WILSHIRE BLVD. SUITE 424
BEVERLY HILLS, CALIFORNIA 90211

**VENUE**

3.     Venue in this district is proper in the United States District Court, Central District of California, pursuant to 28 U.S.C. 1391 because (i) a substantial part of the events giving rise to the claims asserted herein occurred, and continue to occur, within this judicial district, and (ii) Defendants' tortious conduct was directed primarily against Plaintiffs in Los Angeles, California, where Plaintiffs lived, worked and invested in Defendants' business, and (iii) Defendants have, directly or indirectly, made use of the means or instrumentations of interstate commerce, of the mails, and of the wires in connection with the transactions, acts, practices and courses of business alleged in this Complaint. Venue in this District is proper under Section 27 of the Exchange Act [15 U.S.C. § 78aa] because of certain of the transactions, acts, practices and courses of conduct constituting violations of the federal securities laws occurred within this district.

**THE PARTIES AND ENTITIES**

4.     Plaintiff ARGISHTI KESHISHYAN ("Argo K.") is and was at all times relevant hereto, an individual residing in the County of Los Angeles, California. By agreement, Argo K. is a co-manager with defendant El-Batrawi of the entire Xerveo investment.

5.     Plaintiff ARMOND GARIBYAN ("Armond G.") is and was at all times relevant hereto, an individual residing in the County of Los Angeles, California. Plaintiff STEVEN STAITMAN ("Staitman") is and was at all times relevant hereto, an individual residing in the County of Los Angeles, California.

**COMPLAINT**

6. Plaintiff PAUL SEARS ("Sears") is and was at all times relevant hereto, an individual residing in the County of Los Angeles, California.

7. Plaintiff XERVEO INVESTMENT GROUP, LLC, ("XIG") is and was at all times relevant hereto, a limited liability company organized and existing under the laws of the State of Delaware and primarily doing business in the State of Utah, and is one of the members/owners of Xervéo, LLC. XIG and Xerveo, LLC are represented by their co manager Argo K., and also alternatively derivatively and as such are made both a Plaintiff and a Defendant.

8. Defendant RAMY EL-BATRAWI is and was at all times relevant times hereto, an individual residing in the County of Los Angeles, California. The wrongful acts herein alleged were performed using the wires of interstate commerce. Defendant El-Batrawi does business primarily from 433 N. Camden Street, Beverly Hills, CA 90210. Subsequent to the events hereinafter detailed, Plaintiffs have learned that defendant El-Batrawi was under an SEC consent order related to fraudulent manipulation of publicly held stock in 2006. No such disclosure was made by defendant to Plaintiffs at any time.

9. Plaintiffs are informed and believe and based thereupon allege Defendant GROWTH STRATEGY INVESTMENTS, LLC, ("GSI") is a Nevada entity, not qualified to do business, but doing business in both California and Utah. Pursuant to the oral representations of defendant El-Batrawi, a Delaware entity with the same name was supposed to be formed but has never been formed.

FISCHBACH & FISCHBACH, A LAW CORPORATION
8200 WILSHIRE BLVD. SUITE 424
BEVERLY HILLS, CALIFORNIA 90211

-4-
**COMPLAINT**

10.     Defendant XERVEO, LLC is and was at all times relevant hereto, a limited liability company organized and existing under the laws of the State of Delaware.

11.     Plaintiffs are ignorant of the true names and capacities of defendants sued herein as Does 1–5, and based thereupon, sue said defendants by such fictitious designations. Plaintiffs will seek leave of court to amend this Complaint to insert their true names and capacities when the same have been ascertained. Plaintiffs are informed and believe and based thereon allege that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages as herein alleged were proximately caused by such defendants.

12.     Plaintiffs are informed and believe and based thereupon allege that at all times material herein, each Defendant was the agent, servant and employee of the other Defendants and in doing the things hereinafter alleged, were acting within the course, scope and purpose of said agency, service and/or employment, with the knowledge, consent and/or ratification of the remaining Defendants and the managing agents thereof.

**FACTUAL BACKGROUND**

13.     In early June 2014, defendant El-Batrawi solicited plaintiffs Argo K. and Armond G. to invest $250,000.00 for the acquisition of all assets of Xerveo, LLC, a Utah limited liability company. The investments were made between June 17, 2014 and June 26, 2014.

14.     Shortly after, plaintiffs Sears and Staitman were also solicited to invest, and did so on or about June 18, 2014 and August 12, 2014 respectively.

15.     In connection with the solicitation, defendant El-Batrawi orally and in an email dated June 11, 2014, represented to plaintiffs Argo K. and Armond G. that the purchase price of Xervéo would be $200,000 with an additional $50,000 contribution for working capital to use in the initial stages of the business. He also represented that they would have a return on their investment within three months.

16.     As part of the initial investment pitch, defendant El-Batrawi sent plaintiffs Armond G., Argo K., Staitman, and Sears a package of documents entitled "Subscription Materials" for Xervéo Investment Group, LLC. To date, Plaintiffs have not signed any of these documents. The Subscription Materials included a GSI-stamped business plan, financial projections, subscription agreement, and one operating agreement. These documents represented that Growth Strategy Investments, LLC had been recently formed under Delaware law, had no financial or operating history, and was operating as Managing Member of Xervéo Investment Group, LLC. Plaintiffs have since discovered that defendant El-Batrawi merely took the legal work of Latham and Watkins on another transaction, and fraudulently presented it as if Latham and Watkins had prepared the subscription materials, even including the name of an attorney at Latham and Watkins to contact.

17.     In order to secure Plaintiffs' monetary investments, defendant El-Batrawi made material misrepresentations, both orally and in writing, fully intending for Plaintiffs to rely on the statements and invest more money into the company acting on that reliance, including the following:

17.1.  Initially, El-Batrawi orally misrepresented that the company was very strong, had a large inventory, was very profitable, and that the initial capital investment used to purchase the business would be returned within three months. Defendant El-Batrawi falsely claimed that the business was making around $150,000 monthly and had inventory of $450,000.

17.2. Plaintiff is informed and believes that the Business Plan contains material inaccuracies. For example, the financial forecast is grossly overinflated – in fact, the projections for 2014 and 2015 were completely inaccurate. The company is currently over $300,000 in debt.

17.3.  The Subscription Agreement and supporting documents provided by El-Batrawi falsely indicate that it was prepared by the national law firm, Latham and Watkins, identifying specific attorneys. The documents were not prepared for the Xerveo transaction, but rather were the false and fraudulent edits of El-Batrawi, designed to give the documents and underlying transaction a veil of legitimacy. All financial sheets and numerical data, including but not limited to historical YTD charts, profit projections, and cost of goods sold projections that defendant El-Batrawi provided were materially inaccurate and falsely portrayed the business as a successful venture. Defendant El-Batrawi orally told plaintiff Argo K. and Armond G. that they were going to be the sole investors in the acquisition of the company, yet almost immediately after receiving their capital contribution for the purchase, El-Batrawi disclosed that he in fact had taken in funds from plaintiffs

Sears and Staitman who were now additional investors. Defendant El-Batrawi also concealed that he intended to and did place the business' most valuable asset, the Xervéo trademark, with, Xervéo, LLC. There are no written disclosure statements or waivers regarding the Xervéo trademark ownership in any of the subscription materials or LLC Operating Agreements. In fact, defendant El-Batrawi never disclosed the details of his business plan to form two LLC's and use one to operate the other. Indeed, the subscription materials did not include the operating agreement for Xerveo, LLC, the Delaware entity. Later, Plaintiff Staitman was able to obtain an unsigned version of something called Xerveo, Special – Purpose Limited Liability Company Agreement, which is incomplete, internally contradictory, and appears to be a cut and paste document that was not tailored to this transaction.

17.4.   Throughout the solicitation process, defendant El-Batrawi represented that a newly-formed Delaware LLC would function as the managing member of the investment both orally and in writing. This entity was allegedly called Growth Strategy Investments, LLC. Plaintiffs have since discovered that there was no newly-formed entity, but that there was a pre-existing entity formed in Nevada in approximately 2003 called Growth Strategy Investments, LLC ("GSI, LLC"). GSI, LLC, Nevada, was then apparently appointed by El-Batrawi to act as the manager of Xervéo Investment Group, (XIG) and of Xervéo, LLC. Plaintiffs are ignorant as to how the membership interests have been allocated in both XIG and Xervéo, LLC Delaware. Once the funds were

**COMPLAINT**

received, defendant El-Batrawi began negotiating with the individual plaintiffs as to the appropriate terms and conditions for the two LLC's, and converting them to California business entities. No such agreements were ever reached. Defendant El-Batrawi has since abandoned the business.

17.5.   GSI, LLC was and is not a validly formed company under Delaware law. No such company has ever existed or currently exists according to the Delaware Secretary of State Business Entity Search.

**FIRST CLAIM FOR RELIEF**

**VIOLATION OF 15 U.S.C. 77q**

**(FRAUDULENT INTERSTATE TRANSACTIONS)**

**(Against All Defendants)**

18.   Plaintiffs repeat, replete, and re-allege each and every allegation contained in paragraphs 1-17 above, as though set forth fully at length hereat.

19.   Defendants El-Batrawi, Growth Strategy Investments, LLC, and Does 1-5, directly or indirectly, singly or in concert with others, participated in the offer and sale of securities of the Xervéo Investment, by use of the means and instruments of transportation and communication in interstate commerce and by use of the mails and interstate banking wires, and in connection there with have (a) employed devices, schemes or artifices to defraud, (b) obtained money or property by means of untrue statements of material fact or omissions to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading and (c) engaged in transactions, practices or courses of business

**COMPLAINT**

Fischbach & Fischbach, A Law Corporation
8200 Wilshire Blvd. Suite 424
Beverly Hills, California 90211

which operate or would operate as a fraud or deceit, including, but not limited to those devices, schemes, artifices, untrue statements and omissions of material facts, transactions, practices and course of business.

20.     Defendants El-Batrawi, GSI, LLC and Does 1-5 acted knowingly or recklessly with respect to the activities alleged in this Claim for Relief.

21.     Defendants El-Batrawi, Growth Strategy Investments, LLC, and Does 1-5 were also negligent and/or reckless with respect to their activities alleged in this Claim for Relief.

22.     By reason of the foregoing, Defendants El-Batrawi, GSI, and Does 1-5 violated and, unless enjoined, will continue to violate Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

23.     That as a proximate result of the wrongful conduct hereinabove alleged, Plaintiffs have been generally damaged in an amount presently unascertained but within the jurisdiction of this court as and for the investment, subsequent infusions, and the benefit of their bargain, and Plaintiffs will insert the exact amount when the same has been ascertained.

24.     That the wrongful conduct hereinabove alleged was intentional, malicious, fraudulent and oppressive and done strictly for the economic gain of Defendants, and as such merits and warns the imposition of punitive and exemplary damages in such sum as the trier of fact may award.

//

//

//

//

**COMPLAINT**

## SECOND CLAIM FOR RELIEF

## VIOLATION OF 17 C.F.R. 240.10b-5

## (By plaintiffs Argo K., Armond G., Staitman, and Sears Against All Named Defendants and Does 1-5)

25.     Plaintiff realleges and incorporates by reference, as though fully set forth herein, the allegations set forth in the preceding paragraphs 1-24.

26.     Defendants El-Batrawi, GSI, and Does 1-5, directly or indirectly, singly or in concert with others, in connection with the purchase and sale of securities of the Xerveo investment, by use of the means and instrumentalities of interstate commerce and by use of the mails (a) employed manipulative and deceptive devices, contrivances, schemes and artifices to defraud, (b) made untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading and (c) engaged in acts, practices and courses of business which operate as a fraud and deceit upon purchasers, prospective purchasers and other persons, including but not limited, these devices, contrivances, schemes and artifices, untrue statements and omissions of material facts, act, practices, and courses of business set forth above.

27.     Defendants El-Batrawi, GSI, LLC, and Does 1-5 acted knowingly or recklessly with respect to the activities alleged in this Count.

28.     By reason of the foregoing, Defendants El-Batrawi, Growth Strategy Investments, LLC, and Does 1-5, unless enjoined, will continue to

**COMPLAINT**

FISCHBACH & FISCHBACH, A LAW CORPORATION
8200 WILSHIRE BLVD. SUITE 424
BEVERLY HILLS, CALIFORNIA 90211

violate Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

29.    That as a proximate result of the wrongful conduct hereinabove alleged, Plaintiffs have been generally damaged in an amount presently unascertained but within the jurisdiction of this court as and for the investment, subsequent infusions, and the benefit of their bargain, and Plaintiffs will insert the exact amount when the same has been ascertained. That the wrongful conduct hereinabove alleged was intentional, malicious, fraudulent and oppressive and done strictly for the economic gain of Defendants, and as such merits and warns the imposition of punitive and exemplary damages in such sum as the trier of fact may award.

**THIRD CLAIM FOR RELIEF**

**FRAUD IN THE INDUCEMENT**

**(Against All Named Defendants and Does 1-5)**

30.    Plaintiff realleges and incorporates by reference, as though fully set forth herein, the allegations set forth in the preceding paragraphs 1-22, and 26 and 27.

31.    Before Plaintiffs invested in the Xervéo investment defendant El-Batrawi represented, both orally and in writing, that Xervéo was successful with promising financials, that Plaintiffs would have a return on their investment within approximately three months, and used misleading materials to induce Plaintiffs to invest money into the company through the purchase of privately-held securities.

FISCHBACH & FISCHBACH, A LAW CORPORATION
8200 WILSHIRE BLVD. SUITE 424
BEVERLY HILLS, CALIFORNIA 90211

32.   After Plaintiffs had invested in the business, Plaintiffs discovered that in fact the business was not making money, had no reserves, and was in desperate need for additional cash flow, based in part upon the extravagant promises and expenses of defendant El-Batrawi's.

33.   Plaintiffs and each of them justifiably relied on the oral and written representations made by defendant El-Batrawi that the business was successful, had a large inventory and would repay the capital infusion within three or four months. Plaintiffs actually relied on defendant El-Batrawi's representations, and but for the false representations would not have invested in the business.

34.   Defendants and each of them intended that Plaintiffs rely on such initial representations because Plaintiffs are informed and believe and based thereupon allege that such representations were fraudulently made solely to induce Plaintiffs to enter into the investment and make the initial capital contributions. Plaintiffs hereby allege that defendant El-Batrawi made such representations in order to gain access to and misuse business cash flow to fund his personal lifestyle through the use of what apparently became a pyramid scheme. As a proximate result of Defendants' fraudulent conduct, Plaintiffs have been generally and specially damaged in that Plaintiffs, among other things, have been told that they have lost or are in danger of losing their investment, have been unable to obtain the primary benefit of forming a successful multi-level marketing business, and have been denied the benefit of proper management of company and the funds they injected into the LLC. Plaintiffs are ignorant of the exact amount of the damage caused by the breach

FISCHBACH & FISCHBACH, A LAW CORPORATION
8200 WILSHIRE BLVD. SUITE 424
BEVERLY HILLS, CALIFORNIA 90211

**COMPLAINT**

but will seek leave of court to insert such amount when the same has been ascertained. Plaintiffs also affirmatively allege that the amount is in excess of $1,000,000.

35.    The wrongful conduct hereinabove alleged on the part of Defendants was malicious, fraudulent, and oppressive, thereby justifying the imposition of punitive and exemplary damages in such sum as the trier of fact may award.

## FOURTH CLAIM FOR RELIEF

## ACCOUNTING

### (By Individual Plaintiffs and Argo K. as Managing Member of Investment Acting on Behalf of XIG and Xerveo, LLC, Against All Defendants)

36.    Plaintiffs individually, and Argo K. as managing member of the investment and acting on behalf of XIG and Xerveo, LLC, reallege and incorporate by reference, as though fully set forth herein, the allegations set forth in the preceding paragraphs 1-22, 26, 27, and 31-34, incl.

37.    By virtue of defendant El-Batrawi's position in the joint venture doing business as Xerveo, and as co-managing member of the investment into which Plaintiffs invested approximately $1,010,000, defendant El-Batrawi owed a fiduciary duty to both Plaintiffs and the LLC's, which were the entities through which the joint venture did business. By virtue of Plaintiffs' placement of confidence in the fidelity and integrity of defendant El-Batrawi by entrusting him with the co-management of the funds invested by Plaintiffs, a confidential relationship existed at all times mentioned herein between Plaintiffs and defendant El-Batrawi.

**COMPLAINT**

38.    Plaintiff is informed and believes and based thereupon alleges that defendant El-Batrawi abused the fiduciary and confidential relationship that existed between and among himself and Plaintiffs, willfully or recklessly failed to perform his duties, and violated the aforementioned duties and obligations as a fiduciary that he voluntarily assumed.

39.    Defendant El-Batrawi's breaches of fiduciary duty include, as more fully alleged in paragraph seventeen above, but are not limited to, falsely and fraudulently representing the financial condition of the company and its future positioning, and directly misappropriating business cash flow to fund an exorbitant lifestyle including extended stays at expensive hotels and expensive meals both while traveling and while remaining in Los Angeles County, without the knowledge, consent, or authorization of Plaintiffs all as more fully alleged hereinabove.

40.    That as a proximate result of the wrongful conduct hereinabove alleged, Plaintiffs have been generally damaged in an amount presently unascertained but within the jurisdiction of this court as and for the investment, subsequent infusions, and the benefit of their bargain, and Plaintiffs will insert the exact amount when the same has been ascertained.

41.    That the wrongful conduct hereinabove alleged was intentional, malicious, fraudulent and oppressive and done strictly and solely for the economic gain of the defendants, and as such merits and warns the imposition of punitive and exemplary damages in such sum as the trier of fact may award.

//

**COMPLAINT**

FISCHBACH & FISCHBACH, A LAW CORPORATION
8200 WILSHIRE BLVD. SUITE 424
BEVERLY HILLS, CALIFORNIA 90211

## FIFTH CLAIM FOR RELIEF
## BREACH OF FIDUCIARY DUTY

### (By Individual Plaintiffs Against defendant El Batrawi, GSI and Does 1-5)

42. Plaintiff realleges and incorporates by reference, as though fully set forth herein, the allegations set forth in the preceding paragraphs 1-22, 26,27, 31-34, incl. and 37-39, incl.

43. Defendant El-Batrawi has breached his fiduciary duty by intentionally misappropriating company cash flow to fund a lavish lifestyle, disguising the charges as items such as travel expenses, among other things. Defendant El-Batrawi also has breached his fiduciary duty by misrepresenting company financials to Plaintiffs and distributors of the Xervéo product and finally by not disclosing his history of SEC violations and mental illness.

44. That as a proximate result of the wrongful conduct hereinabove alleged, Plaintiffs have been generally damaged in an amount presently unascertained but within the jurisdiction of this court as and for the investment, subsequent infusions, and the benefit of their bargain, and Plaintiffs will insert the exact amount when the same has been ascertained.

45. That the wrongful conduct hereinabove alleged was intentional, malicious, fraudulent and oppressive and done strictly for the economic gain of the defendants, and as such merits and warns the imposition of punitive and exemplary damages in such sum as the trier of fact may award.

//

//

//

FISCHBACH & FISCHBACH, A LAW CORPORATION
8200 WILSHIRE BLVD. SUITE 424
BEVERLY HILLS, CALIFORNIA 90211

# SIXTH CLAIM FOR RELIEF

## BREACH OF FIDUCIARY DUTY

### (On Behalf of plaintiffs XIG and Xerveo, LLC

### Against All Named Defendants and Does 1–50)

46.     Plaintiff realleges and incorporates by reference, as though fully set forth herein, the allegations set forth in the preceding paragraphs 1-22, 26, 27, 31-34, incl, 37-39, incl.

47.     Defendant El-Batrawi has breached his fiduciary duty by intentionally misappropriating company cash flow to fund a lavish lifestyle, disguising the charges as items such as travel expenses, among other things. Defendant El-Batrawi also has breached his fiduciary duty by misrepresenting company financials to Plaintiffs and distributors of the Xervéo product and finally by not disclosing his history of SEC violations and mental illness

48.     That as a proximate result of the wrongful conduct hereinabove alleged, Plaintiffs have been generally damaged in an amount presently unascertained but within the jurisdiction of this court as and for the investment, subsequent infusions, and the benefit of their bargain, and Plaintiffs will insert the exact amount when the same has been ascertained.

49.     That the wrongful conduct hereinabove alleged was intentional, malicious, fraudulent and oppressive and done strictly for the economic gain of the defendants, and as such merits and warns the imposition of punitive and exemplary damages in such sum as the trier of fact may award.

//

//

**COMPLAINT**

FISCHBACH & FISCHBACH, A LAW CORPORATION
8200 WILSHIRE BLVD. SUITE 424
BEVERLY HILLS, CALIFORNIA 90211

## SEVENTH CLAIM FOR RELIEF

## DECLARATORY RELIEF

### (Against all Defendants and Does 1-5)

50.   Plaintiff realleges and incorporates by reference, as though fully set forth herein, the allegations set forth in the preceding 1-22, 26,27, 31-34, incl. and 37-39, incl. and 43.

51.   An actual controversy has arisen and now exists by and between and among plaintiffs and defendants El-Batrawi, and Growth Strategy Investments, LLC, in that plaintiffs Argo K. maintain the following:

51.1.   Plaintiffs maintain that there should have been a single-purpose entity. The investment should not have been split into two LLC's. Plaintiffs further allege that they are entitled to an Order of this court confirming that they are the owners of the investment in whatever form, and have the right to transfer all assets from XIG and Xerveo LLC to a newly formed California LLC.

51.2.   Plaintiffs maintain that plaintiff Argo K. is now the sole manager of the investment.

51.3.   Defendant El-Batrawi has falsely induced the individual Plaintiffs into the transaction.

51.4.   Defendant El-Batrawi has misappropriated funds and mismanaged the business, and must account therefore to both the individuals and the LLCs if they are ultimately held to be legal entities, or to the investment if they are not so held.

**COMPLAINT**

51.5.   By virtue of his wrongful conduct, and lack of capacity, defendant El-Batrawi has been expelled from the company and no longer has any equity or employment role in the company.

51.6.   Subject to an accounting, defendant El-Batrawi is indebted to the investment for his fraudulent manipulations.

51.7.   By vote of the investors and equity owners (Plaintiffs), defendant El-Batrawi has been replaced as co-managing member of the investment by plaintiff Argo K., who is now the sole managing member, and has been expelled from any position or ownership in the investment pending court confirmation pursuant to Cal. Corp. Code Section 17706.02.

51.8.   Defendant El-Batrawi has engaged in wrongful conduct that has adversely and materially affected the investment  by directly misappropriating company cash flow to fund his personal lifestyle, thereby generating excessive expenses which put the company in debt by over $300,000, and thus should be removed pursuant to Cal. Corp. Code Section 17706.02(e)(1).

51.9.   Defendant El-Batrawi has willfully and/or persistently committed breaches of his duties and obligations under Cal. Corp. Code Section 17704.09 governing the fiduciary duties owed by members to both the member-managed limited liability company and the other members of the limited liability company by such violations including but not limited to misappropriating company funds for personal use,

and thus should be removed pursuant to Cal. Corp. Code Section 17706.02(e)(2).

51.10. Defendant El-Batrawi lacks the physical and mental ability to perform any job duties competently and honestly and Plaintiffs are informed and believe and based thereupon allege that unbeknownst, fully, to Plaintiffs until the filing of suit, El Batrawi has been institutionalized approximately four (4) times in the past 16-18 months for mental health issues, and has engaged in fraudulent conduct, including but not limited to, misrepresenting his personal assets and the company assets in order to secure investments on behalf of the company and misappropriating company funds for his personal use such that it is not reasonably practicable to carry on the activities of the business with him as a member. Thus, defendant El-Batrawi should be removed pursuant to Cal. Corp. Code Section 17706.02(e)(3).

51.11. Additionally, Section 6.6.1 of the Xervéo Investment Group, LLC Operating Agreement, which prohibits removal of a managing member regardless of the circumstances, contravenes Cal. Corp. Code Section 17701.07 and must be stricken from the operating agreement pursuant to Cal. Corp. Code Section 17701.07(c). Plaintiffs further contend that defendant El-Batrawi must be barred from having any involvement with the company, whether direct or indirect, to prevent defendant El-Batrawi from continuing his pattern of fraudulent conduct.

52. Plaintiffs are informed and believe and based thereupon allege that Defendants deny each of the foregoing and contend that defendant El

FISCHBACH & FISCHBACH, A LAW CORPORATION
8200 WILSHIRE BLVD. SUITE 424
BEVERLY HILLS, CALIFORNIA 90211

Batrawi has not engaged in wrongful conduct and cannot be removed as either manager or member of either or both LLC's. A judicial declaration of the rights and duties of the parties at this time is necessary and appropriate in order to avoid a multiplicity of actions and irreparable injury.

### EIGHTH CLAIM FOR RELIEF

### DECLARATORY RELIEF

### (Against all defendants)

53.    Plaintiff realleges and incorporates by reference, as though fully set forth herein, the allegations set forth in the preceding 1-22, 26,27, 31-34, incl. 37-39, incl. and 43.

54.    An actual controversy has arisen by and between the parties hereto because no written documentation has ever been fully executed by all parties, including but not limited to Operating Agreements for both XIG and Xerveo, LLC , due to Plaintiffs' insistence on forming the LLC's pursuant to California Law and other terms and conditions which El Batrawi refuses to agree with. Plaintiffs maintain that they are the equitable and legal owners and that Argo K. is the manager of the business known as Xerveo, be it through Xerveo LLC or XIG, whereas El Batrawi contends that he is an owner and manager of both XIG and Xerveo, LLC, the Delaware entities. A judicial declaration of the legal relationship between Plaintiffs and Defendant El Batrawi and his entities is therefore necessary and appropriate to avoid a multiplicity of suits and potential irreparable.

//

//

Fischbach & Fischbach, A Law Corporation
8200 Wilshire Blvd. Suite 424
Beverly Hills, California 90211

**COMPLAINT**

# NINTH CLAIM FOR RELIEF

# CONVERSION

## (Against defendant El-Batrawi and GSI)

55.    Plaintiff realleges and incorporates by reference, as though fully set forth herein, the allegations set forth in the preceding 1-22, 26,27, 31-34, incl. 37-39, incl. and 43.

56.    Acting as purported managing member of Xerveo, LLC, defendant El-Batrawi wrongfully transferred and converted business funds to his corporate GSI account and/or his individual account without knowledge consent or approval of any Plaintiffs. Plaintiffs are ignorant of the exact amount of the converted funds, but will insert the amount when the same has been ascertained.

57.    That as a proximate result of the wrongful conduct hereinabove alleged, Plaintiffs have been generally damaged in an amount presently unascertained but within the jurisdiction of this court as and for the investment, subsequent infusions, and the benefit of their bargain, and Plaintiffs will insert the exact amount when the same has been ascertained.

58.    That the wrongful conduct hereinabove alleged was intentional, malicious, fraudulent and oppressive and done strictly for the economic gain of the defendants, and as such merits and warns the imposition of punitive and exemplary damages in such sum as the trier of fact may award.

//

//

//

FISCHBACH & FISCHBACH, A LAW CORPORATION
8200 WILSHIRE BLVD. SUITE 424
BEVERLY HILLS, CALIFORNIA 90211

FISCHBACH & FISCHBACH, A LAW CORPORATION
8200 WILSHIRE BLVD. SUITE 424
BEVERLY HILLS, CALIFORNIA 90211

## TENTH CLAIM FOR RELIEF

## INJUNCTIVE RELIEF

## (Against defendant El-Batrawi and Growth Strategy Investments, LLC)

59.     Plaintiffs refer to, repeat and reallege each and every allegation contained in 1-22, 26,27, 31-34, incl. 37-39, incl. and 43.

60.     By virtue of the hereinabove alleged wrongful conduct, and to avoid irreparable injury and preserve the status quo and allow Xerveo to continue to function, Plaintiffs are entitled to an immediate Temporary Restraining Order and preliminary injunction, and thereafter permanent injunction, banning El Batrawi from the business, from contacting vendors, suppliers, clients, distributors and other third parties and representing that he has any connection to the Xerveo business, and ordering El Batrawi to require that his bank, Bank of America, immediately supply the Plaintiffs with copies of all bank statements from June 2014 through the present held in the name of El Batrawi and/or GSI and that El Batrawi be ordered to refund a twenty thousand dollars distribution that he paid to GSI while the company was approximately three hundred thousand dollars in the red.

### PRAYER FOR RELIEF

**Wherefore**, Plaintiff prays judgment against Defendants as follows:

1.     For general damages according to proof;

2.     For punitive and exemplary damages going to proof;

3.     For attorneys' fees where allowable by law according to proof;

4.     For a declaration of the respective rights and duties of the parties with respect to the investment as alleged, including but not limited to a

-23-

**COMPLAINT**

declaration that Plaintiffs are the equitable and legal owners of the investment, that Argo K. is the managing member of the investment, and that El Batrawi has been removed as an owner, member and manager of the investment.

5.      For an accounting, at the expense of the defendants El Batrawi and GSI, of all funds provided to the investment from inception through trial, for disgorgement by defendant El Batrawi and GSI of all wrongfully converted and/or misappropriated investment funds with an appropriate offset for legitimate business expenses according to proof.

6.      For pre-and post-judgment interest according to proof;

7.      For costs of suit incurred herein;

8.      For such other and further relief as to this court may seem equitable and just of the under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on each of its claims for relief that are triable before a jury.

DATED:  June 9, 2015                     FISCHBACH & FISCHBACH
                                         A LAW CORPORATION

                                         By:_____
                                         JOSEPH S. FISCHBACH
                                         Attorneys for Plaintiff

FISCHBACH & FISCHBACH, A LAW CORPORATION
8200 WILSHIRE BLVD. SUITE 424
BEVERLY HILLS, CALIFORNIA 90211

-24-
COMPLAINT